## MUMFORD v. FOSS.

PER CURIAM. 1. The court did not err in striking the amendments to the answer, on oral motion in the nature of a general demurrer.

2. Under the facts of the case, the holder of the second mortgage, who became the purchaser pursuant to a power of sale contained therein, was not entitled to any right of subrogation.

3. The principles ruled in the foregoing headnotes cover the only assignments of error mentioned in the brief of the plaintiff in error. The verdict was supported by evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 2543. FEBRUARY 28, 1922.

Equitable petition. Before Judge Gower. Ben Hill superior court. March 8, 1921.

Mrs. Foss filed a petition against Mumford, alleging: that on September 3, 1908, B. C. Mosher executed to petitioner a mortgage deed duly recorded on September 5, 1908, containing a power of sale, covering described realty as security for a loan of $1500; that at the time of the execution of the mortgage said property was free from liens, and the title thereto was in B. C. Mosher [the maker of the mortgage]; that upon the failure of Mosher to make payment of the debt she did, after compliance with the terms of the mortgage as to advertisement, etc., make sale of the property pursuant to the power of sale, and, being the highest bidder, she became, on October 16, 1909, the purchaser of the property for the consideration of $1000; that on November 28, 1908, Mosher executed to Mumford, the defendant, a mortgage containing a power of sale, covering the same property, to secure a loan of $800, the mortgage reciting that the debt would become due and payable on November 28, 1909; that after a purported advertisement of the property Mumford did, on the first Tuesday in March, 1910, in disregard of petitioner's rights and the fact that the property had already been sold under the power contained in the mortgage to her, sell the property and attempt to convey the property to him-

self for a consideration of $100; that notwithstanding petitioner had, since the purchase by her at the sale under the mortgage to herself, been in possession by her tenants, who had recognized her as landlord and paid the rent on the premises to her, Mumford is continually harrassing and annoying her tenants, representing to them that he is the owner of the property, and endeavoring to induce them to attorn to him for the rent; that the deed purporting to convey the title to the property to Mumford in fact conveyed nothing, because the title had previously vested in petitioner; that this pretended title outstanding (the deed appearing upon the records of Ben Hill County) constitutes a cloud upon petitioner's title and makes it impossible for her to sell the property at anything like its fair market value; that whatever lien the defendant had on said property was divested when the same was sold under petitioner's mortgage, and attached to the proceeds of the sale under her mortgage; that at the time defendant attempted to sell the property under his mortgage, the property was entirely free from any and all liens against Mosher; and that petitioner is without an adequate remedy at law, and is suffering injury and damage because of the cloud upon her title to said property. The prayers are, for process; for decree declaring null and void the deed conveying the property to the defendant; and for general relief.

The defendant's answer denied all the material averments of the petition, and asserted that the sale of the property under the mortgage to himself was regular in all respects and did in fact convey to him the title to the property. Two amendments to the answer were offered. The petitioner orally moved to strike these amendments, because the facts alleged showed no right of subrogation on the part of the defendant. The motion was sustained; the defendant excepted pendente lite, and assigned error thereon. The stricken amendments set up substantially that on November 26, 1907, Mosher sold the property under bond for title to one Lester, who paid $500 in cash and gave his note due in one year for $800; that from that time until November 26, 1908, Mosher was in possession of the property as owner; that in February, 1908, Mosher sold the note of Lester to defendant, for $800; that defendant was induced to purchase the note by reason of the fact that he knew it had been made to cover a part of the purchase-price of the property, that Lester had paid the balance and held bond for title,

and that the property was worth more than the amount of the note; that about the time the note became due, defendant was informed that it had been agreed that Lester would sell the property back to Mosher upon the return of Lester's note which defendant held, and that as a part of the same transaction Mosher would execute to defendant his note for the same amount and secure the same by a first mortgage lien on the property; that upon the carrying out of this arrangement Lester became the tenant of Mosher, and remained in possession of the property as such until after the alleged sale of the property under the mortgage claimed to have been held by petitioner; that defendant had no knowledge and no actual notice whatever of the existence of any mortgage on said property in favor of plaintiff, until many months after he had received from Mosher the note and mortgage aforesaid; that at the time of said transaction Mosher represented to defendant that upon procuring from Lester the possession of the property and surrender of the bond for title he would be in position to give defendant a first lien on the property; that on the occasion of the alleged sale of the property by petitioner under the mortgage to her, defendant was present and gave notice that he held his mortgage, and that the purchaser would take the property subject to the lien of his mortgage; that the lien held by him upon said property was superior to any held by petitioner; that he acquired a valid title to the property; and that the title asserted by petitioner is null and void. He prayed that the title asserted by plaintiff be canceled, and that the legal title be decreed to be in defendant; that he recover possession of the property, together with a judgment against the petitioner for the rental value of the property during the time she had had possession; that, if the lien asserted by petitioner should be held superior to the mortgage held by defendant, he be subrogated to the rights of Lester prior and up to the time of the transaction by which Lester resold the property to and became the tenant of Mosher; and that the title to the property be decreed to be in defendant free from any and all rights of the plaintiff under or by virtue of her alleged mortgage.

The trial resulted in a decree that the deed held by Mumford constituted a cloud upon petitioner's title, that the same be canceled, and that the defendant be perpetually enjoined from interfering with petitioner's possession. Error is also assigned upon the overruling of the defendant's motion for a new trial.

*A. J. & J. C. McDonald,* for plaintiff in error.
*Wall & Grantham* and *Samuel Kassewitz,* contra.